UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NO. 14-4174

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | MOTION BY UNITED STATES |
| ) | TO DISMISS APPEAL |
| Appellee, ) | |
| ) | |
| v. ) | |
| ) | |
| HERMAN LEE McCRAY, JR. ) | |
| ) | |
| Appellant. ) | |
| ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves the Court pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27(f) to dismiss the defendant's appeal on the ground that she expressly agreed, in his plea agreement, to waive his right to appeal his sentence. In support of this motion, we show unto the Court the following:

**FACTUAL BACKGROUND**

First Rule 11 Hearing

The defendant pleaded guilty, pursuant to a written plea agreement to distribution of a quality of cocaine, in violation of 21 U.S.C. § 841. (D.E. 42; D.E. 60, at 28-29; D.E. 80)[1] The plea agreement contained the following provision:

---

[1] The government will cite to the docket entries (D.E.) in the district court followed by the appropriate page numbers from the transcripts.

> The Defendant agrees . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, . . . excepting an appeal . . . based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. . . .

(D.E. 42, at 1).

The district court conducted a guilty plea proceeding pursuant to Federal Rule of Criminal Procedure 11. (D.E. 60). The defendant was represented by counsel, had "ample opportunity to" discuss his case with counsel, and was "completely and fully" satisfied with the legal work done on his behalf. (D.E. 60, at 15, 16).

During the Rule 11 hearing, the district court advised the defendant of his trial-related rights and confirmed that he understood that he would be giving up those rights by pleading guilty. (D.E. 60, at 3-14, 19). The district court confirmed that the defendant had entered into a written plea agreement with the government. (D.E. 60, at 19). The district court confirmed that the defendant understood "the possible consequences of [his] plea" and that he was "sure [he wanted] to enter a plea of guilty." (Id.). The district court confirmed that defense counsel had explained to the defendant, the "sum

2

and substance of [the] plea agreement offered . . . by [the government]" and that defense counsel had "fully discussed . . . the ramifications of the plea agreement" with the defendant. (D.E. 60, at 21). The district court confirmed that the defendant had read and discussed the plea agreement with his attorney. (Id.). Additionally, the district court asked the defendant if he had "any questions about the contents of the plea agreement." (Id.). The defendant answered, "No, Sir, your Honor." (D.E. 60, at 22). At the district court's request, government counsel read the terms of the defendant's plea agreement, including the appeal waiver provision into the record. (D.E. 60, at 22-27). The district court asked the defendant if the terms of the plea agreement read by government counsel into the record were the terms of his plea agreement with the government. (D.E. 60, at 27). The defendant answered, "Yes, Sir, your Honor." (Id.). Further, the district court asked the defendant if he understood that he "reserve[d] only the right to appeal from an upward departure from the advisory guideline range established at sentencing, and that [he] otherwise waive[d] all rights to appeal whatever sentence [was] imposed." (D.E. 60, at 27-28). The defendant answered, "Yes, Sir, your Honor." (D.E. 60, at 28).

3

The district court accepted the defendant's guilty plea upon finding that the defendant was competent to enter a plea of guilty (D.E. 60, at 17), the guilty plea was freely and voluntarily made, the defendant "had a full and complete understanding of the nature of the charges, the consequences of the plea, and the maximum penalties provided by law" and the plea was supported by an independent factual basis. (D.E. 60, at 29).

The defendant's custody range, as determined pursuant to the sentencing guidelines, was 151 to 188 months' imprisonment. (D.E. 47 at 14, ¶ 62). The maximum penalty authorized by statute was 20 years' imprisonment. (Id. at ¶ 61). The district court imposed a 151-month term of imprisonment. (D.E. 80, at 2).

## REMAND MOTION

On March 5, 2013, the defendant timely appealed his 151-month sentence. (D.E. 53, 55). On October 10, 2013, the defendant filed his brief. (Court of Appeals D.E. 28). ■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ■■■■■■■■■
■■■■■■■■■■■■■■■

4



**RESENTENCING HEARING**

On February 19, 2014, the district court held the defendant's resentencing hearing. (D.E. 88).



The defendant's custody range, as determined pursuant to the sentencing guidelines, remained the same at 151 to 188 months' imprisonment. (D.E. 47 at 14, ¶ 62; D.E. 88, at 11). The maximum penalty authorized by statute remained 20 years' imprisonment. (D.E. 47 at 14, ¶ 61). The district court explained that because the defendant "applied himself . . . while he's been incarcerated and he hasn't had any infractions" it would reduce the defendant's sentence. (D.E. 88, at 26-27). The district court imposed a 144-month term of imprisonment. (D.E. 80; D.E. 88, at 27). On March 3, 2014, the defendant appealed this sentence. (D.E. 82).

## DISCUSSION

The defendant filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). (Brief at 9, 15). The defendant argues that the district court erred by not properly considering all relevant sentencing factors in determining the defendant's sentence. (Brief at 1, 9-15). The defendant waived

6

this sentencing claim in his negotiated plea agreement.  (D.E. 42, at 1).

This Court has repeatedly held that appeal waivers are enforceable.  E.g., United States v. Cohen, 459 F.3d 490, 494 (4th Cir. 2006); United States v. Johnson, 410 F.3d 137, 149-53 (4th Cir. 2005); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).  This Court has held that it generally will enforce an appeal waiver "if the waiver is valid and the issue sought to be appealed falls within the scope of the waiver."  Cohen, 459 F.3d at 494.  In assessing the validity of an appeal waiver, this Court considers "'whether the defendant knowingly and intelligently agreed to waive the right to appeal,' an inquiry 'ultimately . . . evaluated by reference to the totality of the circumstances.'"  Id. (quoting Blick, 408 F.3d at 169).

The record in this case establishes that the defendant made a knowing and intelligent decision to waive his appellate rights.  The defendant was represented by counsel at his arraignment, had "ample opportunity to" discuss his case with counsel, and was "completely and fully" was satisfied with the legal work done on his behalf.  (D.E. 60, at 15, 16).  The

7

defendant confirmed that he understood the possible consequences of his plea, that he was sure he wanted to enter a plea of guilty. (D.E. 60, at 19). The district court confirmed that defense counsel had explained to the defendant, the "sum and substance of [the] plea agreement offered . . . by [the government" and that defense counsel had "fully discussed . . . the ramifications of the plea agreement" with the defendant. (D.E. 60, at 21). The district court confirmed that the defendant had read and discussed the plea agreement with his attorney. (Id.). Further, upon request from the district court, government counsel read the terms of the defendant's plea agreement, including the appeal waiver provision into the record and confirmed that the terms of the plea agreement read by government counsel were the terms of the defendant's plea agreement with the government. (D.E. 60, at 22-27). The district court confirmed that the defendant understood that he "reserve[d] only the right to appeal from an upward departure from the advisory guideline range established at sentencing and that [he] otherwise waive[d] all rights to appeal whatever sentence [was] imposed." (D.E. 60, at 27-28). Thus, the record establishes that the defendant had a full understanding of the plea agreement, including the appeal waiver provision.

Additionally, this appeal falls within the scope of the appeal waiver. The defendant agreed to "waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range," reserving only the right to challenge a sentence in excess of the applicable advisory guideline range and the right to assert claims of ineffective assistance of counsel or prosecutorial misconduct. (D.E. 42, at 1). At the defendant's resentencing hearing, he received the benefit of a reduction in his sentence and the district court explained that because the defendant "applied himself . . . while he's been incarcerated and he hasn't had any infractions" it would reduce the defendant's sentence. (D.E. 88, at 26-27). The defendant's 144-month sentence fell below his 151 to 188-month advisory guidelines range and far below his maximum 20-year term of imprisonment. (D.E. 47 at 14, ¶¶ 61-62; D.E. 80; D.E. 88, at 27).

Accordingly, the Court should dismiss this appeal, to the extent that it involves a challenge to the defendant's sentence.

### **STATEMENT PURSUANT TO LOCAL RULE 27(a)**

The defendant's attorney, R. Clarke Speaks, opposes this motion.

## **CONCLUSION**

WHEREFORE, the United States respectfully requests that the Court dismiss the defendant's appeal.

Respectfully submitted this 2nd day of September, 2014.

        THOMAS G. WALKER
        United States Attorney

BY: /s/ Jennifer P. May-Parker
     JENNIFER P. MAY-PARKER
     Assistant United States Attorney
     310 New Bern Avenue
     Federal Building, Suite 800
     Raleigh, North Carolina  27601-1461
     Telephone: (919) 856-4530

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

R. Clarke Speaks
Speaks Law Firm

        /s/ Jennifer P. May-Parker
        JENNIFER P. MAY-PARKER
        Assistant United States Attorney